IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERRYETT WOODS,<br><br>                        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION and UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>                        Defendants. | **MEMORANDUM DECISION**<br><br>**REPORT & RECOMMENDATION**<br><br>Case No. 2:09-cv-00634-CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

Defendants have requested that the Plaintiff's suit be dismissed for lack of subject matter jurisdiction.[1] Under U.S.C. § 636 (b)(1)(B), District Judge Clark Waddoups referred[2] this case to the Magistrate Judge. The undersigned was directed to manage the case, receive all motions, hear oral arguments, conduct evidentiary hearings as deemed appropriate and submit to the District Judge a report and recommendation for the proper resolution of dispositive matters presented.

BACKGROUND

Terryett Woods (Woods) filed this case on July 17, 2009 under 42 U.S.C. §§ 1983, 1985.[3] Using a standard civil rights complaint form, Woods alleges that the United States Department of Education and the United States Department of the Treasury are taking money from her social security checks.[4] Woods claims this money is being taken to repay an

---

[1] Motion to Dismiss for Lack of Jurisdiction (Motion to Dismiss), docket no. 13, filed April 30, 2010.

[2] Docket Text Order Referring Case, docket no. 4, filed February 16, 2010.

[3] Complaint, docket no. 3, filed July 17, 2009.

[4] *Id.* at 3–5.

educational loan she does not owe.[5] Further, Woods alleges that Defendants specifically told her not to inform the "Social Security Office" that money was being taken from her checks.[6] After asking for an extension of time to file a response to Woods's complaint,[7] Defendants submitted the Motion to Dismiss for Lack of Jurisdiction, arguing that federal sovereign immunity bars Woods's suit.[8]

ANALYSIS

Generally, suits against the United States government are barred by federal sovereign immunity and can only be brought if Congress has waived that immunity.[9] Without such a waiver, courts lack jurisdiction to hear cases brought against the United States, its agencies, or its employees.[10] Congress has not waived immunity to suits brought under 42 U.S.C. § 1983 or 42 U.S.C. § 1985.[11] Because both "statutes are addressed to state action, not federal action, and to persons, not governments," claims for damages against the United States or its agencies under these statutes should be dismissed for lack of subject matter jurisdiction.[12] As Congress has not

---

[5] *Id.* at 3.

[6] *Id.* at 4.

[7] Motion for Extension of Time, docket no. 11, filed April 23, 2010.

[8] Motion to Dismiss at 1; Memorandum in Support of Motion to Dismiss (Supporting Memorandum), docket no. 15, filed April 30, 2010.

[9] *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress.").

[10] *F.D.I.C.* at 475; *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

[11] *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) ("This Court has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity."); *Beale v. Blount*, 461 F.2d 1133, 1137 (5th Cir. 1972) (declaring a suit brought under 42 U.S.C. §§ 1981–1988, 28 U.S.C. § 1343, and 28 U.S.C. § 1331 was the sort "barred by the doctrine of sovereign immunity."); *Morpurgo v. Bd. of Higher Educ. of New York*, 423 F.Supp. 704, 714 (D.C.N.Y. 1976) ("Nor, of course, can the United States itself be sued under 42 U.S.C. §§ 1983 and 1985 . . . because these provisions do not waive sovereign immunity.")

[12] *Dye v. United States*, 516 F.Supp.2d 61, 71 (D.D.C. 2007).

waived federal sovereign immunity under these statutes, this court does not have jurisdiction over Woods' case.

*Bivens v. Six Unknown Named Agents* creates a cause of action against federal actors,[13] similar to the cause of action 42 U.S.C. § 1983 creates against state actors.[14] *Bivens*, however, only applies to individual federal officials, and *Bivens* claims against the United States and its agencies are barred by sovereign immunity.[15] Thus, even if Woods intended to bring her claim under *Bivens*, federal sovereign immunity would still prevent jurisdiction.

Beyond the sovereign immunity issue Defendants have raised, there are potentially other problems with Woods' complaint. 42 U.S.C. § 1985(3) only applies to conspiracies against specific classes of individuals and is primarily meant to prevent racial violence and oppression.[16] 42 U.S.C. § 1983 affects those acting under the color of *state* law and is not generally used against federal parties.[17] Finally, as discussed above, *Bivens* actions are not intended to be brought against federal agencies such as the Defendants.[18]

---

[13] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[14] *See, e.g.*, *Hartman v. Moore*, 547 U.S. 250 *passim* (2006); *Carlson v. Green*, 446 U.S. 14, 21 n.6 (1980); *Butz v. Economou*, 438 U.S. 478, 500 (1978).

[15] *Greenlee v. U.S. Postal Service*, 247 Fed.Appx. 953, 955 (10th Cir. 2007); *see also F.D.I.C. v. Meyer*, 510 U.S. 471 (1994).

[16] *Wilhelm v. Continental Title Co.*, 720 F.2d 1173, 1176 (10th Cir. 1983) (discussing *United Bhd. of Carpenters v. Scott*, 463 U.S. 825 (1983)).

[17] 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, *of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United states or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .") (emphasis added). *See also Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997); *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976) ("Section 1983 has no application to federal officers acting pursuant to federal law.").

[18] *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

RECOMMENDATION

The Defendants' Motion to Dismiss for Lack of Jurisdiction should be granted because federal sovereign immunity prevents this court from exercising subject matter jurisdiction over Plaintiff's suit.

NOTICE TO THE PARTIES

Within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections. A party may respond to another party's objections within 14 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

Dated this 28th day of June, 2010.

BY THE COURT

_____
Magistrate Judge David Nuffer